Dear Superintendent Hoyle:
I am in receipt of your request for an Attorney General's opinion on behalf of the Plaquemines Parish School Board (hereinafter referred to as the "Board") concerning the transportation of seven students living on an island and requiring boat transportation to a land transportation pick-up point. I have been assigned to handle your request. You indicate that the school board provides bus transportation for these seven students to Port Sulphur High School once at the land pick-up point.
You also indicate that in the past, a local minister has provided the boat transportation for these students; however, the minister has retired and there is no one available to drive their boat.
You state that the school system does not want to assume the responsibility for boating these students to their land collection point. You indicate the Board would like to assist these families, but the Board does not want to assume the liability of boating these students to their land destination. You further state that this would drastically increase the Plaquemines Parish School Board's exposure to lawsuits and would critically augment the liability insurance premiums that the school systems must pay.
Specifically, you seek an opinion concerning the following question:
 Can the Plaquemines Parish School system pay the parents a reasonable fee for bringing their children to a land collection point?
LSA-R.S. 17:158 deals with school buses for transportation of public school children and alternative means of transportation. It states the following in pertinent part:
 (1) Except as provided by Subsection H of this Section and in accordance with the requirements of Subsection F of this Section each parish and city school board shall provide free transportation for any student attending a school of suitable grade approved by the State Board of Elementary and Secondary Education within the jurisdictional boundaries of the parish or school board if the student resides more than one mile from such school.
 * * *
 (4) For such purposes, any parish or city school board may employ school bus operators as hereinafter defined in R.S. 17:491. However, nothing in this Section shall prohibit a parish or city school from entering into contracts or mutual agreements for providing school bus transportation.
 B. If a parish or city school board determines transportation by school bus is impractical or is not available or that other existing conditions warrant it, the board may make arrangements for the use of common carriers in accordance with uniform standards established by the state superintendent of education and at a cost based upon the actual costs of such transportation.
 C. If transportation is not provided by the parish or city school board by reason of economically justifiable reasons approved by the State Board of Elementary and Secondary Education in accordance with the provisions of Subsection H of this Section, the Department of Education, in accordance with the provisions of Subsection D hereof, shall reimburse the parent or tutor of any student who resides more than one mile from the school attended by the student to the extent and in the amounts that funds are so appropriated by the legislature, but in no event shall such reimbursement exceed one hundred twenty-five dollars per student or three hundred seventy-five dollars for any one family.
 D. Claims for reimbursement shall be submitted to the superintendent of education by the parent or tutor of an eligible student not later than July 1 of each year for reimbursement claims for the previous school year. Each claim shall be in the form of an affidavit executed by the parent or tutor of the student, affirming the accuracy of the claim. The affidavit shall be in the form prescribed by the state superintendent of education and shall be furnished by him to each parish and city superintendent of education. The superintendent of education shall notify principals of public and nonpublic schools no later than April 1 of each year that claim forms for reimbursement are available at the local school board offices. Beginning with the 1979-80 academic school year, claims for reimbursements shall be in the form of a claim made by each parent or tutor affirming to the accuracy of such claim, which form shall contain a statement that any person who knowingly or willingly violates the provisions of this Section by filing a false claim or fraudulent claim shall be guilty of a misdemeanor and shall be imprisoned for not more than one (1) year or fined not more than $500 or both, and that the filing of any false claim shall be and constitute a violation of the criminal laws of the state of Louisiana and particularly shall constitute false swearing under the provisions of LSA-R.S. 14:125. This provision of law shall supersede and be in lieu of the filing of a notarized affidavit as heretofore required by this Section. Within sixty days after the beginning of the fiscal year the Department of Education shall begin issuing checks payable to parents or tutors of the students.
 E. Any parish school board may provide gravel or contribute funds to the local governing authority for the graveling of school bus turnarounds. However, nothing in this Section shall prohibit the local police jury from graveling school bus turnarounds at the request of the school board without the necessity of said school board furnishing any materials or funds for the work done.
 F. The provisions of this Section shall apply to eligible public and nonpublic school students. However, these provisions shall not apply to any student or the parent or tutor of any student who attends a school which discriminates on the basis of race, creed, color, or national original.
 G. Any person who knowingly and willfully violates the provisions of this Section by filing a false or fraudulent claim shall be guilty of a misdemeanor and shall be imprisoned for not more than six months or fined not more than five hundred dollars, or both.
 H. (1) No parish or city school board shall eliminate or reduce the level of transportation services provided to students as required by the provisions of this Section except for economically justifiable reasons approved in accordance with the provisions of this Subsection by the State Board of Elementary and Secondary Education.
 (2) Any parish or city school board seeking approval to eliminate or reduce the level of transportation services to students for economically justifiable reasons shall submit with its request for approval the following information:
 (a) Figures for the three most recently completed fiscal years showing the board's actual revenues from all sources, including any prior year surpluses, and actual expenditures for operating purposes. These figures shall include detailed information relative to any revenues received specifically for providing transportation services to students and the actual expenditures of the board for providing transportation services to students.
 (b) Figures for the current fiscal year and for the next fiscal year showing, according to the most recent estimates, the board's anticipated revenues from all sources, including any prior year surpluses, and anticipated expenditures for operating purposes. These figures shall include detailed information relative to any anticipated revenues to be received specifically for providing transportation services to students and the anticipated expenditures of the board for providing transportation services to students.
 (c) The estimated cost on both a per pupil basis and on a per bus route basis for the current fiscal year and for the next fiscal year for the board to comply with the student transportation requirements of Paragraph A(1) and Subsection F of this Section.
 (d) A description of the board's proposed reduction in or elimination of student transportation services indicating the number of students involved, any specific routes proposed for reduction or elimination, and the estimated savings to be achieved through the reduction of elimination of transportation services.
 (e) A written statement attested to by the chief financial officer of the school system, the local superintendent of schools, and the presiding officer of the school board that sufficient funds are not available or are not expected to be available, regardless of funding source, to permit the board to provide the transportation services to students being proposed for reduction or elimination.
 (f) A written statement attested to by the chief transportation officer of the school system, the local superintendent of schools, and the presiding officer of the school board that the proposed reduction in or elimination of transportation services to students does not have a disparate impact on any group of students by reason of race, creed, sex, handicap, residence, or school attended, whether public or approved nonpublic, elementary or secondary.
 (g) Any additional information deemed necessary by the State Board of Elementary and Secondary Education.
 (3) The State Board of Elementary and Secondary Education shall take under review and consideration any request by a parish or city school board for approval to reduce or eliminate student transportation services submitted in compliance with the provisions of this Subsection, however no such approval shall be granted by the board until the state superintendent of education has certified the accuracy and validity of the information submitted by the parish or city school board.
It is my understanding from our conversation and/or a conversation with Mr. Ben Fussell, Director of Finance for the Board, that there are seven public and three private school students who ride the boat. You indicated that these students are located more than one mile from the school. Additionally, you have indicated that two individuals who ride the boat are teachers.
Upon inquiry, you stated that the parish previously transported the students and that in 1982 the parish donated the boat to the community. Since that time parents and subsequently a minister have transported the children. Also, since that time various donations for gas, supplies and refurbishing the boat have been made by citizens and businesses.
Section A of LSA-R.S. 17:158 requires each parish and city school board to:
 . . . provide free transportation for any student attending a school of suitable grade approved by the State Board of Elementary and Secondary Education within the jurisdictional boundaries of the parish or school board if the student resides more than one mile from such school.
To fulfill its transportation obligation, a school board may employ school bus operators pursuant to LSA-R.S. 17:158(A)(4) or enter into contracts with providers of transportation. In either case, the Board must maintain all insurance required by law. (See LSA-R.S. 17:159) The law provides one alternative and one exception to the requirement provided in Section A. The alternative is provided in Section B and the exception is located in Section H.
Section B provides for a parish or city school board to determine whether transportation by school bus is impractical. It is evident that transportation by a school bus is impractical knowing that the students-in-question live on an island. Since the language in this Section uses the term "or," only one provision has to be satisfied before reaching the provision that allows the board to make arrangements for the use of a common carrier in accordance with uniform standards established by the state superintendent of education.
A common carrier is not defined in this Section but is defined in Black's Law Dictionary as:
 Any carrier required by law to convey passengers or freight without refusal if the approved fare or charge is paid in contrast to private or contract carrier. One who holds himself out to the public as engaged in business of transportation of persons or property from place to place for compensation, and who offers services to the public generally.
Upon inquiry, you indicated that the use of a common carrier is not available; therefore, the alternative set forth in Section B cannot be exercised by the Board.
If the Board reaches the conclusion that the transportation of these students is not economically feasible, the exception set forth in Section H may be applicable. Section H permits parish and city school boards to eliminate or reduce the level of transportation services mandated by Section A for economically justifiable reasons upon the approval of the Board of Elementary and Secondary Education (hereinafter referred to as "BESE").
If the elimination of transportation due to economically justifiable reasons is approved by BESE and transportation is not provided by a parish or city school board, Section C provides for a reimbursement from the Department of Education to the parent or tutor of any student who resides more than one mile from the school attended. However, reimbursements are made only if amounts are appropriated for such purposes. LSA-R.S. 17:158 does not authorize a school board to reimburse parents in the event that transportation is not provided. It is therefore the opinion of this office that the Board does not have the authority to pay the parents a fee or reimbursement for transporting their children.
The situation presented in your opinion request is an unfortunate situation with the potential for grave consequences. To fulfill its transportation obligations set forth in LSA-R.S. 17:158(A), the Plaquemines Parish School Board can choose to contract a driver for transporting students by boat who live on an island more than one mile from school to a land collection point and maintain insurance pursuant to LSA-R.S. 17:159. If qualified, the contracted driver can be a parent. If applicable, the Board can assert that Section H applies due to economically justifiable reasons. In order for the school board to deny transportation to these students due to economically justifiable reasons it must be approved by BESE in accordance with the provisions of Section H. If BESE denies the exception, transportation must be provided.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: _________________________________ Beth Conrad Robinson Assistant Attorney General
CCF, Jr.:BCR:sc